STATE v. ROBERT VERNON LOVELACE.

(Filed 18 October, 1967.)

APPEAL by defendant *in forma pauperis* from *Anglin, J.,* May 1967 Criminal Session of RUTHERFORD.

Criminal prosecution upon two separate indictments. The first indictment charges that defendant on 20 January 1967, with intent to commit a felony, to wit, larceny, did feloniously break and enter the dwelling house of J. R. Greene, wherein merchandise, chattels, money, and valuable securities of the said J. R. Greene were being kept, a felony, and a violation of G.S. 14-54. The second indictment charges defendant on the same date and in the same place with the felonious larceny of 13 guns consisting of 16 Ga. Remington 3526518, 12 Ga. Winchester 68047, 20 Ga. Mossburg & Son 85V-10726, 20 Ga. Ranger (Sears) 1967, 12 Ga. Stevens Mod 58, 16 Ga. Winchester Mod 37, 20 Ga. Winchester Mod 37, 22 Cal. Revelation Mod 115, of the value of more than $200 of the goods and chattels of J. R. Greene.

Defendant, who is an indigent, was represented by his court-appointed counsel, Jack Freeman, and through his counsel he entered a plea of guilty to each one of the two indictments. When he entered his pleas of guilty, the court interrogated him at length, and, based

upon his reply to the court's questions, the court found as a fact that his pleas of guilty in both cases were understandingly and voluntarily made by him in person in open court, and the plea in each case was made by him without any compulsion or duress and without any promise of leniency. The court ordered that the questions by the court and the answers by the defendant with reference to his pleas of guilty in both cases be entered into the minutes of the court.

The court consolidated the two cases for judgment. From a judgment that the defendant be imprisoned for a term of not less than four years nor more than six years, he appeals.

*Attorney General T. W. Bruton and Deputy Attorney General James F. Bullock for the State.*

*J. H. Burwell, Jr., for defendant appellant.*

PER CURIAM. Soon after the defendant was sentenced to prison, he mailed a written notice of appeal to the clerk of the Superior Court of Rutherford County. The court, upon receiving the defendant's notice of appeal, appointed new counsel to perfect his appeal, because the defendant's original court-appointed counsel, shortly after the imposition of the sentence, had been sworn in as solicitor of the Rutherford County recorder's court. The court also entered an order that the court reporter furnish his new counsel with a transcript of the evidence and that the case on appeal and the brief of his counsel on appeal should be mimeographed and filed in the Supreme Court at the expense of the taxpayers of Rutherford County, thus giving this indigent defendant the opportunity to perfect his appeal and present his case to this Court in the same fashion as if he were a rich man.

This is a succinct summary of the State's evidence: J. R. Greene lives in West Henrietta. He had 13 guns in his residence on 19 January 1967. He is not a gun collector. He trades guns. The value of his guns was around $600 or $700. His wife runs a cafe in the same building in which they maintain living quarters. There are two bedrooms, in which he lives with his wife and daughter, just behind that portion of the building which is used as a cafe. The guns were kept in a separate room which had been built on to the cafe for that purpose. He was working ten hours a day. He went to work at 4 p.m. on 19 January 1967. The guns were then in the house in their customary place. His wife and daughter were in the house when he left, and they stayed there that night. They were asleep and unaware of the presence of anyone in or about the building. He returned from work about 3 a.m. and found that his guns were gone.

Mr. Damon Huskey, the sheriff of Rutherford County, investigated the larceny and stated on the witness stand that the top glass of the front door had been broken out, and someone had reached in and opened the door and carried off the 13 guns. His testimony implicated a man by the name of Story, who was arrested and brought back to Rutherford County. It further appeared from the sheriff's testimony that Story on the night in question was driving past J. R. Greene's place with defendant in the car with him; he let defendant out and defendant was gone about five minutes and came back with a sack full of guns. The guns returned to J. R. Greene had been carried about 90 miles away into South Carolina where they were sold or pawned. Defendant told Deputy Sheriff Gene Biggerstaff about this matter the morning he picked him up and brought him to the county jail. The evidence was amply sufficient to carry the case to the jury.

Defendant has one assignment of error, and that is that the judge erred in passing judgment upon him. This assignment of error is overruled. A violation of G.S. 14-54 is a felony, and this statute provides for imprisonment in the State's prison or county jail for not less than four months nor more than ten years. The term of imprisonment was substantially less than the maximum set forth in the statute. In interrogating the defendant, the judge asked him, "Do you understand that upon a plea of guilty to the felony of breaking and entering you could be imprisoned for as much as ten years?" The defendant replied, "Yes." The indictments in this case correctly charge the criminal offenses of a felonious breaking and entry and of a felonious larceny. Defendant's counsel candidly states this in his brief: "The defendant appellant entered his appeal in this case without the advice of counsel. Counsel for the defendant appellant has conferred with him at length with regard to this appeal without being able to ascertain any specific grounds for the same. Counsel for the defendant appellant has therefore closely examined the record of this case in search of an error therein. He has not been successful. Therefore, counsel respectfully requests the Court to examine the record in this case and, if error be found, grant the defendant appellant a new trial." We have examined carefully the record in this case, and find no error in the trial below.

This is another appeal *in forma pauperis* to this Court at the expense of the taxpayers without any merit in it, taken solely because, according to the laws of this State, defendant has an unrestricted right to appeal.

In the trial below we find

No error.